UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERNCIE GALAVIZ,<br>    Plaintiff(s),<br>v.<br>TRUMP, et al.,<br>    Defendant(s). | Case No. 2:25-cv-01417-JAD-NJK<br><br>**REPORT AND RECOMMENDATION** |

District courts have the authority to dismiss cases *sua sponte* without notice when the plaintiff "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). A complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). "When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc).

After termination of related state and federal cases in California, Docket No. 1-1 at 9,[1] Plaintiff initiated this lawsuit bringing allegations concerning her loss of custody rights. Plaintiff alleges that Donald Trump, the Governor of California, Elon Musk, various state and federal agencies, and the courts have conspired to concoct a narrative that Plaintiff is mentally unwell and unable to care for her son. *See, e.g.*, *id.* at 3-13.[2] Plaintiff alleges that Defendants manipulated the child protective services system and altered her car GPS to take her to San Bernadino, California. *See, e.g.*, *id.* at 12-13. Plaintiff alleges that she cannot be mentally unwell given her special "power." *See, e.g.*, *id.* 7. Plaintiff seeks in relief the return of her son, the closing of unspecified organizations to be replaced with other organizations, and to investigate and imprison those who removed her son from her custody. *See id.* at 14. Plaintiff's complaint is delusional, fanciful, and frivolous.

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** with prejudice.[3]

Dated: August 4, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen

---

[1] Plaintiff's related federal lawsuit against child protective services was dismissed on March 19, 2025. *See K.K. v. San Bernadino County*, Case No. EDCV 24-0123-SRM (AGR), Docket No. 41 (C.D. Cal. Mar. 19, 2025).

[2] Plaintiff alleges that "I do not want to sound sick but I believe they want [her son's] sperms or taking his sperms." Docket No. 1-1 at 6. Plaintiff also alleges that the custody actions were designed to be punishment because she gave "tips about the riot in Washington DC." *Id.* at 13.

[3] There appear to be a host of other obstacles to Plaintiff proceeding with this case, but the Court need not address those issues in light of the recommendation made herein.

2

days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).